In the Matter of the Claim of LARRY ABBATE, Appellant, against ACME BARBER SHOP and THE CENTURY INDEMNITY COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant asked for an award in connection with injuries to his eye occasioned as he claimed by small fragments of hair flying against his eye ball while he was engaged in rendering services as a barber to a man who had dyed his hair. The State Industrial Board in its decision stated that the evidence would not sustain an award. There was evidence which would sustain an award. There was evidence opposed which indicated that there was no causal relation between the accident and the resultant disability. The form of the decision indicated that the award was denied as a matter of law and not as the result of a determination on the facts. Decision reversed and the matter remitted to the State Industrial Board for a decision on the facts, with costs against the State Industrial Board. Hill, P. J., Crapser and Heffernan, JJ., concur; Bliss and Foster, JJ., dissent, in a memorandum. Bliss and Foster, JJ., dissent and vote

to affirm. The evidence more than amply sustains the findings of the State Industrial Board. But we are told that the State Industrial Board may have proceeded under an erroneous theory of law in reaching its decision because in its memorandum it said: " The Board is of the opinion that on the present record a finding of accidental injury within the meaning of the Workmen's Compensation Law *can not* be made nor does the record support a finding that the keratitis which subsequently developed in the right eye is causally related to that which occurred on or about Aug. 29, 1936." We draw no such conclusion from that statement. By the use of the word " can not " the Board did not mean that the evidence was all one way and there was no evidence to the contrary. It was merely stating its own conclusion as to where the truth lay and it is a quibble on words to otherwise interpret that statement. The great weight of the evidence sustains the facts as found by the Board and it is an idle gesture to remit this case for the State Industrial Board to change its findings.